## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| v. | * | Cr. No. <u>22-20114-TLP</u> |
| **BRYSON MICHAELS,** | | |
| **Defendant.** | * | FILED IN OPEN COURT |

**PLEA AGREEMENT**

FILED IN OPEN COURT
DATE: 12/13/2022
TIME: 10:53 AM
INITIALS: SMQ

The Defendant, BRYSON MICHAELS, by and through his counsel ROBERT PARRIS, and the United States being represented by Michelle Kimbril-Parks Assistant United States Attorney for the Western District of Tennessee, hereby agree as follows:

1. Count 1 of the Indictment charges the Defendant with conspiracy to possess with the intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §846. He is pleading guilty to a lesser offense of conspiracy to possess with the intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. §846. The penalty for this offense is not less than 5 years imprisonment, not more than 40 years imprisonment, not less than 4 years supervised release, not more than a $5,000,000 fine, and a mandatory special assessment of $100.

2. The Defendant agrees that:

    a. He is pleading guilty to the aforementioned count because he is guilty of the charges contained within.

    b. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be.

1

   c. If he had proceeded to trial and had been convicted, he would have had the right to appeal the conviction. He understands that by pleading guilty, he gives up the right to appeal the conviction. Based on concessions made in this plea agreement by the United States, he also hereby waives his rights to appeal the sentence, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing.

   d. Except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, he waives the right to challenge the sufficiency or the voluntariness of his guilty plea on direct appeal or in any collateral attack.

   e. Forfeiture is appropriate in this case, and the Defendant agrees to pay a money judgment to the amount of narcotics attributable to him as determined by the Court.

   f. The special assessment of $100 is due and payable to the U.S. District Court Clerk's Office, and the Defendant agrees to provide the United States with evidence of payment <u>immediately after</u> sentencing.

   g. This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

3. The Defendant understands that:

   a. The United States will recommend that Count 2 be dismissed.

   b. The Government will not object to a finding that the Defendant qualifies under the safety valve provisions of 18 U.S.C. §3553(f) or U.S.S.G § 5C1.2 provided that this Defendant meets the requirements for this reduction.

   c. Given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose the Defendant receiving acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1, provided the Defendant continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the indictment.

   d. If the United States receives information between the signing of this agreement and the time of the sentencing that the Defendant has previously engaged in, or if she engages in the future, in conduct

inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change.

e. Whether or not acceptance of responsibility credit pursuant to § 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit is not a basis for the Defendant to withdraw his guilty plea.

f. Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. § 3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw the plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits. Such a breach by the Defendant would not release the Defendant from the plea of guilty.

g. Any statement made in the course of the plea colloquy may be used against him in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

4. The United States agrees that the relevant conduct amount is at least 160 grams but less than 280 grams of fentanyl. This recommendation shall be binding upon the district court pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure. It is the intention of the parties that the court may accept or reject this agreement immediately or after having had an opportunity to review the pre-sentence report, but may not modify the agreement. If the Court rejects this agreement either party may withdraw from the agreement.

5. By signing this agreement, the Defendant affirms that he is satisfied with his lawyer's counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

_Bryson R Michaels_  12-13-22
BRYSON MICHAELS              Date

3

Defendant

_____
Robert ~~Pariss~~ PARRIS
Defendant's Counsel

Date: 12/13/22

Kevin R. Ritz
United States Attorney

By: _____
MICHELLE KIMBRIL-PARKS
Assistant United States Attorney

Date: 12/13/22

4